**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

UNITED STATES OF AMERICA,

    *Plaintiff*,                               CASE NO: 07-20158

v.                                       DISTRICT JUDGE THOMAS L. LUDINGTON
                                          MAGISTRATE JUDGE CHARLES E. BINDER

STEVEN L. DEWOLF,

    *Defendant*.
_____/

**ORDER AFTER INITIAL APPEARANCE
PURSUANT TO FED. R. CRIM. P. 32.1**

**I. Introduction and Initial Appearance**

The Defendant was arrested on a warrant for supervised release violation authorized by United States District Judge Ludington. The Defendant was previously convicted of Uttering and Publishing of Counterfeit/Altered Postal Money Orders. The Defendant requested appointment of counsel, and completed a Financial Affidavit. After review of a financial affidavit, I determined that the Defendant qualified for appointment of counsel, and the Federal Defender's Office was appointed.

The Defendant appeared with appointed counsel for initial appearance on allegations of supervised release violations. At that time, the Defendant was given the advisement of rights provided in FED. R. CRIM. P. 32.1(b)(1).

**II. Release or Detention**

Pending further proceedings, the Government moved to detain the Defendant. Rule 32.1(a)(6) gives this Magistrate Judge the authority to release or detain a person charged with supervised release violations under 18 U.S.C. § 3143(a). The statute

establishes a presumption in favor of detention that is rebuttable only upon the Defendant showing, by clear and convincing evidence, that he or she is not likely to flee or pose a danger to any other person or the community.  FED. R. CRIM. P. 32.1(a)(6).  The Defendant's lengthy history of failing to report as directed, and failing to notify his probation officer of a change of residence, convinces the Court that there is a significant risk of flight.[1]

I further find that the Defendant's continued use of a controlled substance poses added danger to the community. *United States v. Hedrick,* No. 01-CR-50050-3FL, 2008 WL 124008 (E.D. Mich. Jan. 11, 2008) ("Based on the defendant's use of controlled substances, his use of alcohol while driving and his consumption of alcohol just before coming to court, I find that the defendant has failed to meet his burden, by clear and convincing evidence, that he is not likely to flee and that he is not a danger to the community if released" under FED. R. CRIM. P. 32.1(a)(6)); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008) ("in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society).

### III.  Preliminary Hearing

If a person charged with supervised release violations is detained at the initial appearance, the court must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred, unless the hearing is waived. FED.

---

[1] 18 U.S.C. § 3143(a)(2)(B) states that the court "shall order" detention "unless...the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."  The statute also requires that the court find a substantial likelihood that a motion for acquittal or new trial will be granted or that the government has recommended no sentence of imprisonment be imposed on the person.  18 U.S.C. § 3143(a)(2)(A)(i) and (ii).  However, since I find Defendant cannot meet the requirements of subsection (B), I need not consider those in subsection (A).

R. CRIM. P. 32.1(b)(1)(A). After consultation with counsel, the Defendant waived his right to the preliminary hearing.

## IV. CONCLUSIONS AND RECOMMENDATION

For the reasons set forth above, I find that the Defendant has failed to meet the burden established by FED. R. CRIM .P. 32.1(a)(6), 18 U.S.C. § 3143(a), 18 U.S.C. §§ 3142(e)(1) and 3142(f)(1)(C) to rebut the presumption in favor of detention. Therefore, **IT IS ORDERED** that the Defendant be temporarily detained until the revocation hearing to be held before United States District Judge Ludington on July 13, 2010, at 2:30 p.m. Pending this hearing, the Defendant shall be held in custody by the United States Marshal's Service and produced for the hearing before Judge Ludington.

## V. REVIEW

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                          s/ *Charles E Binder*
                                          CHARLES E. BINDER
Dated: July 8, 2010                 United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, served by other electronic means on Janet Parker, Ken Sasse, John Ade, and the U.S. Marshal's Service.

Date: July 8, 2010                 By    s/*Jean L. Broucek*
                                            Case Manager to Magistrate Judge Binder